**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J & J Sports Productions, Inc.,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Gaudencio Becerra and Rosa Evelia Becerra, individually and d/b/a Ramiro's Mexican Food,<br><br>　　　　　　Defendants. | No. CV-15-00803-PHX-NVW<br><br>**ORDER** |

Before the Court are Plaintiff's Application for Default Judgment by the Court (Doc. 15) and supporting documents (Docs. 15-1, 15-2, 15-3, and 17). For the reasons that follow, the application will be granted, but damages will be limited.

**I.　BACKGROUND**

Plaintiff acquired the "exclusive nationwide commercial distribution (closed-circuit) rights" to a May 4, 2013 television program entitled "*Floyd Mayweather, Jr. v. Robert Guerrero WBC Welterweight Championship Fight Program*" ("the Program). (Doc. 1 at ¶ 18.) Plaintiff then sublicensed to various hotels, restaurants, and clubs the right to show the Program to their customers. (*Id.* at ¶ 19.) According to Plaintiff,

Defendants willfully intercepted the Program without Plaintiff's consent and publicly displayed it for the purpose of commercial advantage or financial gain. (*Id.* at ¶¶ 21-22.)

Plaintiff filed suit on May 1, 2015, seeking relief for Defendants' violations of the Communications Act of 1934 (47 U.S.C. § 605 *et seq.*) and the Cable and Television Consumer Protection and Competition Act of 1992 (47 U.S.C. § 553 *et seq.*). (Doc. 1 at 5-9.) Defendants were served with process in this action (*see* Docs. 9, 11, 12) but have failed to appear. On September 14, 2015, the Clerk granted Plaintiff's request to enter default. (Doc. 14.) Plaintiff now moves for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). Defendants have not filed a response.

## II. APPLICATION FOR DEFAULT JUDGMENT

After a party's default has been entered, the district court has discretion to grant default judgment against that party. *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors the court may consider in deciding whether to grant default judgment include (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's claim, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Here, consideration of these factors supports granting default judgment.

Plaintiff adequately states a claim under 47 U.S.C. § 605.[1] The statute prohibits the unauthorized interception and publication of "radio" communications. 47 U.S.C. § 605(a). This prohibition has been interpreted to apply to satellite television signals, *DirecTV, Inc. v. Webb*, 545 F.3d 837, 844 (9th Cir. 2008), but not to wire communications, *J & J Sports Prods. Inc. v. Preciado*, No. CV-14-02232-PHX-NVW,

---

[1] The complaint also sought relief under 47 U.S.C. § 553, but the present application seeks default judgment only under section 605. (Doc. 15 at ¶ 5.)

2015 WL 1062037, at *3 (D. Ariz. Mar. 11, 2015) (collecting federal appellate cases). Accordingly, a complaint alleging a violation of 47 U.S.C. § 605(a) must definitively specify that the intercepted communications were wireless in order to state a claim sufficient to sustain a default judgment. *Preciado*, 2015 WL 1062037, at *2-3. Here, Plaintiff has so specified. Plaintiff's investigator watched Defendants show the Program at their restaurant, noticed a satellite dish on the roof, and concluded the satellite dish was used to access the Program wirelessly. (Doc. 15-3 at 2, 6-7.) Thus, Plaintiff states a claim for relief under 47 U.S.C. § 605(a).

In addition, Plaintiff may be prejudiced if default judgment is not entered, because without default judgment Plaintiff will have little recourse for recovery. *See J & J Sports Prods., Inc. v. Molina*, No. CV-15-0380-PHX-DGC, 2015 WL 4396476, at *1 (D. Ariz. July 17, 2015). Similarly, Defendants' absence from these proceedings despite service of process suggests there is neither a dispute concerning material facts nor excusable neglect. *See id.* at *2. Although the policy favoring decisions on the merits counsels against default judgment, the mere existence of Rule 55(b) indicates this policy is not dispositive. *Id.* Therefore, default judgment will be entered.

## III. DAMAGES

Plaintiff seeks statutory damages and costs. Under the relevant provision, Plaintiff "may" recover between $1,000 and $10,000 for each statutory violation, and between $10,000 and $100,000 for each willful violation, "as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). Plaintiff also "shall" recover full costs, including "reasonable attorneys' fees." 47 U.S.C. § 605(e)(3)(B)(iii). In assessing damages, the Court balances the need to deter piracy with the importance of not putting restaurants out of business. *See Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999).

Plaintiff seeks $26,600 in damages, excluding costs. This punishment exceeds the crime. Plaintiff's investigator counted only seven customers in the restaurant over the

course of ten minutes. (Doc. 15-3 at 2.) The Program was playing on only one television, and the investigator does not state whether anyone was watching. (*Id.*) Because of the restaurant's small size, Plaintiff would have charged only a $2,200 sublicense fee to broadcast the Program in the first place. (Doc. 17 at ¶ 8.)

A better-suited damages award is $5,000, including costs and fees. To the extent this award does not cover Plaintiff's fees, those fees are not "reasonable" as contemplated by the statute.

IT IS THEREFORE ORDERED that Plaintiff's Application for Default Judgment by the Court (Doc. 15) is granted. Judgment will be entered by separate order for a violation of 47 U.S.C. § 605 in the amount of $5,000, including costs and fees.

Dated this 3rd day of December, 2015.

Neil V. Wake
United States District Judge